IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LONNEY C. WILLIAMS, #13381-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv501 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
AND ENTERING FINAL JUDGMENT**

Movant Lonney Charles Williams, an inmate confined at the United States Penitentiary Leavenworth, proceeding *pro se*, filed the above-styled motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. This Court ordered the matter be referred to the United States Magistrate Judge.

**I. Procedural Background**

Williams is in custody pursuant to a 2007 conviction for the offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1), cause number 6:06-cr-61. Pursuant to a negotiated plea agreement, for which Williams entered a guilty plea, he was sentenced to 180 months' imprisonment. He filed a direct appeal, which the Fifth Circuit Court of Appeals dismissed as frivolous in 2008. Williams then filed his first section 2255 motion in 2009, which this Court dismissed in 2010. *See* 6:09-cv-530, Dkt. #19. He then filed a second section 2255 motion in 2014, which this Court dismissed for lack of jurisdiction because it was successive. *See* 6:14-cv-711, Dkt. # 7.

Subsequently, Williams filed the instant section 2255 motion in June 2016. He sought relief under *Johnson v. United States*, 135 S. Ct. 2251 (2015), arguing that he was sentenced to five years longer than what is allowed under *Johnson*. The Government filed an answer, arguing

1

that the motion is successive because Williams did not receive permission from the Fifth Circuit to file a successive motion.

After a review of the pleadings and the underlying criminal record, the Magistrate Judge issued a Report recommending that, because his motion is indeed successive, Williams' motion should be dismissed for lack subject matter jurisdiction. (Dkt. #10). Williams has filed timely objections, (Dkt. #11).

**II. Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255 imposes a general one-year statute of limitations.

Moreover, the AEDPA imposes certain restrictions on the filing of second or successive section 2255 motions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h). The district court lacks subject matter jurisdiction to consider a second or successive petition unless the appellate court—which, here, is the Fifth Circuit—has granted the movant permission to file the successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("For the reasons outlined above, we find that the district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application."); *U.S. v. Sorrell*, 354 Fed.App'x 44 (5th Cir. 2009) (same).

**III. Williams' Objections and Discussion**

As the Magistrate Judge correctly found, Williams' motion is successive. Records illustrate that Williams has filed two previous section 2255 motions, the latter of which was dismissed for lack of jurisdiction because it was successive and Williams failed to obtain permission from the Fifth Circuit. *See* 6:14-cv-711, Dkt. #7. Because Williams has again not received permission from the Fifth Circuit to file his current second/successive motion, this Court lacks subject matter jurisdiction to review the current motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *see also United States v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013).

In his objections, Williams does not deny that his motion is successive. Rather, instead of seeking permission from the Fifth Circuit, he insists that this Court must transfer the motion to the Fifth Circuit—citing *In re Epps*, 127 F.3d 364 (5th Cir. 1997). He further reiterates that *Johnson* applies to his sentence and that he should be released from imprisonment.

Williams' reliance on *Epps* is misplaced. Epps filed a second habeas petition under 28 U.S.C. §2254 challenging his conviction, at which point the United States District Court for the Southern District of Texas transferred the habeas petition to the Fifth Circuit "for a determination

3

whether the successive petition should be allowed." *Epps*, 127 F.3d at 364-65. Highlighting how Epps failed to file a motion for authorization to file a successive habeas petition at the Fifth Circuit, the Court determined that the Southern District's procedure in transferring the petition to the Fifth Circuit was appropriate in Epps' particular case. However, importantly, the Court held that Epps was still required to file a motion for authorization with the Court in order to file his successive habeas petition. *Id*. at 365.

The holding in *Epp*—that the Southern District's decision to transfer his successive habeas petition was proper—does not require that every district court transfer a potentially successive habeas petition to the appropriate court of appeals. In fact, section 2244 **requires** that the applicant filing a second/successive application or motion "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A); *see also U.S. v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013) ("Therefore, if Hernandez's Rule 60(b)(6) motion is to be construed as a successive § 2255 motion, the district court would have no jurisdiction to consider it."). Without such authorization, the district court cannot consider the motion.

Moreover, even if this Court were to transfer Williams' successive motion to the Fifth Circuit, Williams would still be required to file a motion for authorization to file his successive motion. Having found that Williams' motion is successive without authorization from the Fifth Circuit, the Magistrate Judge correctly determined that Williams' motion must be dismissed for lack of subject matter jursidction.

While the Court has no occasion to consider Williams' claims for the above reasons, it appears that *Johnson* does not apply to his sentence. The record demonstrates that Williams was

not convicted under the Armed Criminal Career Act. In *Johnson*, the Supreme Court examined the Armed Career Criminal Act (ACCA), explaining the Act as follows:

> Federal law prohibits certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Criminal Career Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S.Ct. at 2555. Moreover, the Court scrutinized the "residual clause" portion of the Act's definition of a violent felony:

> [A]ny crime punishable by a term exceeding a year … that—
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.

*Id*. at 2555-56 (emphasis added). Ultimately, the Court held that imposing a sentence increase under the residual clause violates due process, in part, because the residual clause leaves too much uncertainty about how to estimate or calculate the potential risk of injury posed by a crime. *Id*. at 2557.

However, here, Williams was not sentenced under the Armed Career Criminal Act pursuant to section 924(e)(1). Rather, Williams was convicted for the offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and sentenced pursuant to a stipulated plea agreement.

To the extent that Williams' final Presentence Investigation Report (PSR) references the Armed Career Criminal Act, the Court notes that Williams' criminal history category of VI was calculated using the Federal Sentencing Guidelines. Specifically, Part D of Williams' PSR—the sentencing options portion—references only the sentencing guidelines. Similarly, the sealed sentencing recommendation states that the PSR was properly considered in enhancing Williams' offense level under the sentencing guidelines rather than any statutory scheme.

*Johnson* does not address the sentencing guidelines and, importantly, the Supreme Court has held that the Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S.Ct. 887 (2017) (explaining that the Sentencing Guidelines are purely advisory and thus not subject to a vagueness challenge as in *Johnson*); *see also United States v. Archer*, 694 Fed.App'x 302, 302 (5th Cir. 2017) (Mem) ("After Archer submitted his appellate brief, the Supreme Court held that the form § 4B1.2(a)(2)'s residual clause 'is not void for vagueness' because 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"); *United States v. Zuniga*, 860 F.3d 276, 283 (5th Cir. 2017) (same). Accordingly, because Williams' offense level and criminal history score were calculated using the sentencing guidelines, which are advisory and not subject to a vagueness challenge, *Johnson* does not apply to his sentence. The Magistrate Judge's Report is correct and Williams' motion should be dismissed.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Movant's objections, (Dkt. #11), are overruled and the Report of the Magistrate Judge, (Dkt. #10), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that the above-styled motion to vacate, set aside, or correct his federal sentence is **DISMISSED** for lack of jurisdiction. It is also

**ORDERED** that Movant Williams is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
May 8, 2018

_____
Ron Clark, United States District Judge